UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ANDERSON,

Plaintiff,

- against -

COUNTY OF PUTNAM, THE SHERIFF'S
DEPARTMENT COUNTY OF PUTNAM, DISTRICT
ATTORNEY'S OFFICE FOR THE COUNTY OF
PUTNAM, VINCENT M. MARTIN, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, AND DONALD B.
SMITH, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY

Defendants.

14-CV-7162 (CS)

**OPINION & ORDER**

---

Appearances:

Jose William Cotto
Cotto & Associates
Ossining, New York
*Counsel for Plaintiff*

James A. Randazzo
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
White Plains, New York
*Counsel for Defendants*

Seibel, J.

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

(Doc. 13.) For the reasons stated below, the Motion is GRANTED.

I.      **Background**

A.  Facts

For purposes of this Motion, the Court accepts as true the facts (but not the conclusions)

alleged by Plaintiff in the Amended Complaint ("AC") (Doc. 11.)

In 2003, John Rodak hired Plaintiff to perform landscaping work at his home.  (AC ¶ 13.)
Early in 2004, Plaintiff began a year-long affair with Mr. Rodak's wife.  (*Id.* ¶¶ 16-17.)  Mr.
Rodak learned of the affair toward the end of 2004 and told Plaintiff he "would get him."  (*Id.* ¶¶
18-19.)  After the affair ended, Mr. and Ms. Rodak reconciled.  (*Id.* ¶ 20.)  In 2006 and 2007, Mr.
and Ms. Rodak filed two criminal complaints against Plaintiff for harassment.  (*Id.* ¶ 21.)  One
harassment charge was dismissed, while the other resulted in an order of protection mandating
that Plaintiff refrain from contacting or communicating with Ms. Rodak.  (*Id.* ¶¶ 22-23.)

In 2008, allegations were made to Defendant Putnam County Sheriff's Department that in
2005 Plaintiff had raped Mr. Rodak's daughter.  (*Id.* ¶¶ 13, 24, 27.)  Defendant Vincent M.
Martin, Investigator for the Sheriff's Department, took the police report.  (*Id.* ¶ 25.)  According
to Plaintiff, Defendant Donald B. Smith, the Sheriff of Putnam County, "approved" Officer
Martin's subsequent investigation of Plaintiff.  (*Id.* ¶ 31.)  Plaintiff alleges that the circumstances
surrounding his investigation and arrest constituted a "policy" of Putnam County.  (*Id.* ¶ 55.)
Plaintiff was not arrested for the alleged rape until July 2, 2010, a two-year delay that the
Sheriff's Department attributed to its inability to find Plaintiff.  (*Id.* ¶¶ 11, 29.)  Plaintiff alleges
that during this time it was well known where he lived, he did not leave the County for any
period of time, and he had a presence in the community.  (*Id.* ¶ 30.)

After his arrest, the Putnam County Supreme Court set Plaintiff's bail at $50,000, which
Plaintiff could not afford to pay.  (*Id.* ¶¶ 33-34.)  On October 15, 2010, the case was presented to
a grand jury, which voted to indict Plaintiff for Rape in the First Degree under Section 130.35(1)
of the New York Penal Law.  (*Id.* ¶ 37.)  After the vote, but before the filing of the indictment,
Plaintiff pleaded guilty to Sexual Abuse in the First Degree.  (*Id.* ¶ 38.)  Plaintiff alleges that he
pleaded guilty not because he was guilty, but because he wanted to get out of jail to explain the

situation to his elderly mother, obtain money, and retain private counsel. (*Id.* ¶ 39.) At the presentence interview, following Plaintiff's release, he stated that he was innocent and had only pleaded guilty to get out of jail and retain private counsel. (*Id.* ¶ 40.) In June 2011, Plaintiff, through his new, private attorney, moved to withdraw the guilty plea, on a theory of ineffective assistance of counsel. (*Id.* ¶ 41.) The court denied Plaintiff's ineffective assistance of counsel application, but nonetheless permitted Plaintiff to withdraw his plea because the court determined that it would not abide by the promised sentence. (*Id.* ¶ 42.) On July 18, 2011, an indictment was filed with the court charging Plaintiff with Rape in the First Degree. (*Id.* ¶ 43.) At that time, the Putnam County District Attorney's Office answered ready for trial, and the matter was adjourned to September 7, 2011 to set a trial date. (*Id.* ¶ 44.) Soon thereafter, however, the DA's Office recommended that the indictment be dismissed, as the Rodaks apparently did not want Mr. Rodak's daughter to testify at trial for "emotional reasons," despite her having already testified before the grand jury. (*Id.* ¶¶ 45-46.)

Mr. Rodak owns a towing company and, according to Plaintiff, does all the towing for the Putnam County. (*Id.* ¶ 14.) Plaintiff alleges that as a result of this business, Mr. Rodak developed relationships with Putnam County public officials and members of the Sheriff's Department. (*Id.* ¶ 14.) Plaintiff regularly saw officers from the Sheriff's Department at Mr. Rodak's business and residence. (*Id.* ¶ 15.) Specifically, Plaintiff alleges that at the time the rape allegations were brought to the Sheriff's Department, Mr. Rodak had a pre-existing relationship with Officer Martin and Sheriff Smith. (*Id.* ¶¶ 26, 32.) Plaintiff further claims that because of Defendants' relationship with Mr. Rodak, they conspired to "get" Plaintiff, and prosecuted Plaintiff in bad faith, without a proper investigation. (*Id.* ¶ 50.)

Plaintiff brings claims under 42 U.S.C. § 1983 for malicious prosecution under the Fourth and Fourteenth Amendments, (*id.* ¶¶ 47-51, 53-54), abuse of process under the Fourth, Fifth and Fourteenth Amendments, (*id.* ¶¶ 53-54, 61-66), and false arrest under the Fourth and Fourteenth Amendments, (*id.* ¶¶ 57-60.)[1]

## II.   Discussion

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded

---

[1] The Court is not entirely clear what claim Plaintiff is attempting to plead with his second cause of action for deprivation of liberty without due process of law. (*See* AC ¶¶ 52-56.) Plaintiff has not alleged any defect in the process available to him as a defendant in state court. The Court's best guess is that this cause of action duplicates Plaintiff's claims for abuse of process and malicious prosecution.

factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

Deciding whether a complaint states a plausible claim for relief is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to

relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

     B.  <u>False Arrest and Abuse of Process Claims</u>

     Plaintiff alleges false arrest under the Fourth and Fourteenth Amendments, as well as

abuse of process under the Fourth, Fifth and Fourteenth Amendments.  Defendants argue that

these claims are time barred, (Defendants' Memorandum of Law ("MOL"), (Doc. 15), at 9-10),

and Plaintiff does not address this issue in his opposition, (*see* Plaintiff's Affirmation in

Opposition ("Opp."), (Doc. 12), at ¶ 23).  Under New York law, the statute of limitations for §

1983 claims, including false arrest and malicious abuse of process, is three years.  *See Palmer v.*

*Estate of Stuart*, 274 F. App'x 58, 58 (2d Cir. 2008); *see also Hadid v. City of N.Y.*, No. 15-CV-

19, 2015 WL 7734098, at \*5 (E.D.N.Y. Nov. 30, 2015) (malicious abuse of process and false

arrest claims are governed by New York's three-year statute of limitations).  Further, "the statute

of limitations [for false arrest and malicious abuse of process claims] begins to run once the

plaintiff knows of the injury on which the claim is based." *Jaghory v. N.Y. State Dep't of Educ.*,

131 F.3d 326, 331 (2d Cir. 1997); *see Singleton v. City of N.Y.*, 632 F.2d 185, 192 (2d Cir. 1980)

("The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering

from a wrong for which damages may be recovered in a civil action.  To permit him to wait and

toll the running of the statute simply by asserting that a series of separate wrongs were

committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar,

which is to preclude the resuscitation of stale claims."); *cf. Martinez v. City of N.Y.*, 476 F. Supp. 2d 330, 331 (S.D.N.Y. 2007) ("The date when charges are dismissed does not determine when the plaintiff obtains sufficient knowledge of the violation.").

For claims of false imprisonment, including false arrest, as alleged here, the statute of limitations begins to run once the falsely imprisoned individual becomes held pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *see Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010). Plaintiff's false arrest claims accrued on October 15, 2010, the date of his grand jury indictment, *see Garcia v. City of N.Y.*, No. 06-CV-746, 2009 WL 2973002, at *3 (S.D.N.Y. Sept. 17, 2009) (finding that legal process was initiated when Plaintiff was indicted), or, at the absolute latest, on July 8, 2011, when that indictment was filed following withdrawal of his guilty plea. In either event, the claims were time barred when filed more than three years later on September 5, 2014.[2]

Abuse of process claims accrue at "such time as plaintiff is aware, or ought to be aware, of those facts providing a basis for his claim." *Hadid*, 2015 WL 7734098, at *5. "Ordinarily, a claim for abuse of process accrues at such time as the criminal process is set in motion – typically at arrest – against the plaintiff." *Duamutef v. Morris*, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997); *see DeMartino v. New York*, No. 12-CV-3319, 2013 WL 3226789, at *13 (E.D.N.Y. June 24, 2013), *aff'd*, 586 F. App'x 68 (2d Cir. 2014). Plaintiff claims the rape allegations against him were false and that he was only prosecuted because Mr. Rodak had a personal vendetta against him and was conspiring with law enforcement. By his own account, he was aware of Mr. Rodak's desire to "get him" and of Mr. Rodak's relationship with Putnam County officials and Sheriff's Department personnel well before his arrest. (AC ¶¶ 14-15, 18-

---

[2] Plaintiff does not suggest any basis to support equitable tolling of the statute, nor is any such basis apparent. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).

19.)  Accordingly, from the moment of arrest, Plaintiff should have been aware that he was

suffering the alleged abuse of process.  Plaintiff's abuse of process claim thus accrued on the

date of arrest, July 2, 2010, and the claim was time barred when filed more than three years later.

     C.  <u>Malicious Prosecution Claims</u>

Plaintiff also alleges malicious prosecution under the Fourth and Fourteenth

Amendments.  Defendants correctly note, (MOL at 10), that probable cause is a complete

defense against a claim of malicious prosecution.  *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d

Cir. 2013).  Further, a grand jury indictment creates a presumption of probable cause,[3] which is

only overcome with allegations that "the indictment was procured by fraud, perjury, the

suppression of evidence or other police conduct undertaken in bad faith."  *Id.* at 95 (internal

quotation marks omitted).  The Complaint fails to plausibly plead any such conduct, and

Plaintiff, again, does not address this issue in his opposition.  Plaintiff's allegation that

Defendants prosecuted Plaintiff in bad faith, (AC ¶ 50), is conclusory and does nothing to

overcome the presumption of probable cause.  Plaintiff does not identify any false information

provided to the grand jury or any exculpatory information withheld, let alone plausibly suggest

that any named Defendant was responsible for any such thing.  Indeed, according to Plaintiff, the

charges were dropped not because of any doubt as to their validity, but because the victim's

parents did not want her to have to testify at trial.  (*Id.* ¶¶ 45-46.)  Further, Plaintiff's allegation

that "based on their relationship with Rodak, [Defendants] conspired to 'get' Plaintiff," (*id.* ¶

---

[3] Defendants are incorrect that the indictment creates a presumption of probable cause as to the false arrest claim.
*See Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003) ("[T]he New York Court of Appeals has expressly held
that the presumption of probable cause arising from an indictment 'applies only in causes of action for malicious
prosecution and is totally misplaced when applied in false [arrest] actions.'") (second alteration in original) (quoting
*Broughton v. State*, 37 N.Y.2d 451, 456 (1975)).

50), is also conclusory, *see Bradley v. Nolan*, No. 03-CV-1616, 2007 WL 959160, at \*3 (S.D.N.Y. Mar. 30, 2007) (conclusory allegation of conspiracy insufficient to overcome presumption of probable cause), and, even if taken as true, does not explain what fraud, perjury, or misconduct occurred, or what role the alleged bad faith police work played in procuring the indictment.  Likewise, even if Plaintiff had set forth facts plausibly supporting the conclusion that he was indicted "without a proper investigation," (AC ¶ 50) – which he did not – a substandard investigation or failure to follow proper procedure does not suffice to overcome the presumption.  *See Lacey v. Yates Cty.*, 30 F. Supp. 3d 213, 224 (W.D.N.Y. 2014).  Accordingly, Plaintiff does not plausibly plead facts to overcome the presumption of probable cause, and the malicious prosecution claims are dismissed.  *See id.* (collecting cases).

    D.  <u>Leave to Amend</u>

    Leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Zucker v. Five Towns Coll.*, No. 09-CV-4884, 2010 WL 3310698, at \*3 (E.D.N.Y. Aug. 18, 2010).  It is within the discretion of the district court to grant or deny leave to amend, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[l]eave to amend, though liberally granted, may properly be denied for:  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  Furthermore, a district court has no obligation to grant leave to amend *sua sponte*.  *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend the complaint] that was not made.").

I decline to *sua sponte* grant Plaintiff leave to amend because such amendment would be futile.  Plaintiff has already had the chance to amend, knowing what Defendants' arguments would be, and knowing the Court's view of these arguments.  Specifically, at the February 24, 2015 pre-motion conference, the Court emphasized that to overcome the presumption of probable cause, Plaintiff needed to plead facts demonstrating that Defendants' bad faith acts led to Plaintiff's indictment.[4]  Yet the AC still fails to plausibly plead such allegations.  The statute of limitations problem was also raised.  Moreover, Plaintiff did not ask for leave to amend a second time and has not suggested that he could allege facts that would cure the defects in the AC identified above.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014) (plaintiff need not be given leave to amend if it fails to specify how amendment would cure pleading deficiencies in complaint); *Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45-46 (2d Cir. 2008) (summary order) (district court did not exceed its discretion in not *sua sponte* granting leave to amend where plaintiff had already amended complaint once and amendment would have been futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend should be denied as futile where problem with complaint is substantive and better pleading would not cure it); *Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend *sua sponte*.").

---

[4] My law clerk took detailed notes of the discussion held at this conference.

**III.**      **Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Amended

Complaint is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending

motion, (Doc. 13), and close the case.

**SO ORDERED.**


Dated: January 22, 2016
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.